**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4129**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RENNIE OTIS PRICE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:03-cr-00056-CCB-2)

Submitted:  July 25, 2007              Decided:  August 2, 2007

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald C. Ruter, THE LAW OFFICES OF GERALD C. RUTER, P.C., Towson, Maryland, for Appellant.   Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rennie Otis Price appeals from his 168-month sentence imposed following our remand for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). On appeal, he contends that his sentence is unreasonable. For the following reasons, we affirm.

At Price's original sentence, which took place prior to the decision in Booker, the district court announced two sentences. The first sentence of 151 months was calculated under the mandatory Guidelines scheme. A second sentence, 120 months, which was the statutory minimum, was announced in the event the Supreme Court declared the sentencing guidelines unconstitutional.

At re-sentencing, the district court, without objection, adopted the original findings and calculations of the probation officer, resulting in a Guidelines range of 151 to 188 months in prison. The Government argued for a variance sentence above the Guidelines range, proffering new evidence that Price had convinced another inmate (Jimmie Troutman) to commit perjury at Price's co-defendant's (Dexter Tyson) trial in order to convict Tyson and exculpate Price's common law wife, another co-defendant (Sagrario Estevez).

The parties agreed that Troutman had written a letter in which he stated that a "NY nigga" who had a "beef with his rap buddy, which was his cousin" gave Troutman information in order to

fabricate trial testimony. Specifically, Troutman stated that "[t]he play was for me to get on there case, against the cousin, and in return free the wife." While Troutman's letter did not directly refer to Price or Tyson, it is undisputed that Troutman testified at Tyson's trial, that Troutman and Price were housed together in prison, that Price was from New York, that the charges against Sagrario were dismissed, and that Price and Tyson were cousins.

Over Price's objection, the district court found that Troutman's letter presented "overwhelming" evidence that Price had suborned perjury and imposed a sentence of 168 months in prison. The court noted that, were it not for the additional conduct of suborning Troutman's perjury, the court would have sentenced Price to 120 months based on his relative lack of culpability, the lack of violence, and the lack of any significant criminal record.

Price's sentence, which was within the correctly calculated guideline range, is presumptively reasonable. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review the sentence for "reasonableness". See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006).

Price alleges that his sentence was unreasonable for several reasons. First, he contends that there was insufficient evidence for the court to find that Price suborned Troutman's

perjury. However, since the finding did not support either the Guideline calculation or a variance, Price's sentence was not enhanced based on the district court's finding. Thus, any error was harmless. In any event, we find that the district court's conclusion that Price convinced Troutman to perjure himself was not clearly erroneous, given Troutman's letter.

Second, Price states that the district court improperly attempted to impose a "reasonable" sentence. Id. (holding that reasonableness is the *appellate* standard of review, while the district court must instead impose a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007)). However, a review of the sentencing transcript shows that the district court properly considered the Guidelines and the statutory factors in crafting the sentence. There is no indication in the record, aside from the court's isolated statement that the sentence was "reasonable," to support Price's argument that the court applied the wrong standard.

Finally, Price contends that the district court should have started with a sentence of 120 months before considering the new evidence of obstruction of justice. This is the sentence that the court stated it would have imposed under the advisory Guidelines scheme in the absence of the new evidence. However, the reasonableness of such a downward variance, which is assumed by Price, is not before us at this time. Moreover, even assuming that

a 120-month sentence would have been reasonable based on the facts known at Price's first sentencing, we would still be free to find that Price's 168-month sentence was reasonable, even in the absence of the new evidence. See United States v. Begay, 470 F.3d 964, 975 (10th Cir. 2006) (holding that "[i]n any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guideline range"), petition for cert. filed (May 22, 2007) (No. 06-11543).

Thus, Price's argument that his sentence was enhanced based on the finding that he suborned perjury is not quite accurate and, in any event, is not the focus of our review. Instead, we presume that Price's Guideline sentence is reasonable. The district court considered the § 3553 factors, including Price's background and his relative lack of culpability, as well as his subsequent dealings with Troutman, and determined that a sentence within the Guidelines was appropriate. Neither Price nor the record suggest any information so compelling as to rebut the presumption that a sentence within the properly calculated Guideline range is reasonable.

Accordingly, we find that Price's sentence, which was well under the statutory maximum and in the middle of the properly calculated Guideline range, was reasonable. Thus, we affirm. We dispense with oral argument, because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED